23CA0814 Peo v Jackson 07-11-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0814 Adams County District Court No. 08CR3612 Honorable Kyle Seedorf, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Joseph D. Jackson, Defendant-Appellant. ORDER AFFIRMED Division VI Opinion by JUDGE SCHUTZ Lipinsky and Martinez*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 11, 2024 Philip J. Weiser, Attorney General, Trina K. Kissel, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Joseph D. Jackson, Pro Se *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Defendant, Joseph D. Jackson, appeals the postconviction court’s order denying his Crim. P. 35(a) motion. He claims that his consecutive sentences are illegal under section 18-1-408(3), C.R.S. 2023, because they are based on offenses that he asserts occurred in one criminal episode against a single victim. We disagree, and we affirm the order. ¶ 2 According to the evidence presented at trial, Jackson participated in the following series of acts: (1) beating a victim in a bathtub with a gun; (2) transporting the bound victim in a van to a remote location; (3) threatening the victim with a sword while demanding that he remove his clothes; and (4) striking the victim again and leaving him in a snowbank on the side of a road. See People v. Jackson, slip op. at 1-2 (Colo. App. No. 10CA1419, Feb. 16, 2012) (not published pursuant to C.A.R. 35(f)) (Jackson I). A jury found Jackson guilty of first degree assault, second degree kidnapping, aggravated robbery, reckless endangerment, conspiracy to commit aggravated robbery, conspiracy to commit second degree kidnapping, and conspiracy to commit reckless endangerment. The district court found extraordinary aggravating circumstances, merged the conspiracy counts with the substantive counts, and 
2 sentenced Jackson to a total of sixty‑eight years in the custody of the Department of Corrections (DOC). ¶ 3 Jackson’s controlling sentences — (1) thirty-two years in the DOC for class 3 felony first degree assault and (2) thirty-six years in the DOC for class 2 felony second degree kidnapping — are each authorized by law. See § 18-3-202(1)(a), C.R.S. 2023 (first degree assault); § 18-3-302(1), (3), C.R.S. 2023 (second degree kidnapping); see also § 18-1.3-401(1)(a)(V)(A), (10)(a), C.R.S. 2023 (presumptive sentencing ranges; extraordinary risk crimes); § 18-1.3-406(1)(a), (2)(a)(II)(C), (D), C.R.S. 2023 (sentences for crimes of violence). ¶ 4 On direct appeal, Jackson challenged the sentencing court’s decision that these sentences should run consecutively. A division of this court concluded that the sentencing court had not abused its discretion. Jackson I, slip op. at 14-15. The division determined that “the evidence supporting the first degree assault conviction was independent of the evidence supporting the second degree kidnapping conviction.” Id. at 15. We agree because the evidence showing that Jackson struck the victim in a bathtub (causing a brain bleed) is distinct from the evidence showing that he transported the victim against his will in a van. 
3 ¶ 5 When a defendant is convicted of multiple counts committed against a single victim, section 18-1-408(3) requires concurrent sentencing only if (1) the counts are based on the same act or series of acts arising from the same criminal episode, and (2) the evidence supporting the counts is identical. See Juhl v. People, 172 P.3d 896, 901 (Colo. 2007). “The mere fact that the offenses took place during one continuous criminal episode does not establish that they were supported by identical evidence.” People v. Jurado, 30 P.3d 769, 773 (Colo. App. 2001). ¶ 6 Because Jackson’s offenses are not supported by identical evidence, his consecutive sentences are legal. Accordingly, the postconviction court’s order is affirmed. JUDGE LIPINSKY and JUSTICE MARTINEZ concur.